UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLYNDA ECKSTEIN, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) |
| | ) COMPLAINT |
| | ) |
| WELLS FARGO BANK, NATIONAL ASSOCIATION., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC., | ) |
| Defendants. | ) |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Arlynda Eckstein is a natural person, who at all relevant times has resided in Fernandina beach, Florida.

1

5. Defendant Wells Fargo Bank Association, ("WellsFargo"), regularly and in the ordinary course of business furnishes information to various consumer reporting agencies regarding its transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b)).

6. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(F), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties

7. Defendant Transunion LLC ("Transunion") is a business entity that regularly conducts business in Pennsylvania. TransUnion's dispute center is located in the Eastern District of Pennsylvania. This where TransUnion receives consumer disputes, and processes those disputes, including the dispute at issue in this case. Transunion LLC is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8. Plaintiff is the victim of identity theft.

9. On a date better known by Defendants, an unknown identity thief gained unauthorized access to Plaintiff's Wells Fargo credit card account ending in 6152.

10. On or about October 7, 2024, the identity thief executed an unauthorized cash advance in the amount of $17,527.00 on Plaintiff's Wells Fargo credit card account.

11. In connection with the unauthorized cash advance, additional fees and interest totaling $1,261.35 were assessed, bringing the fraudulent balance to $18,788.35.

12. Plaintiff did not authorize, initiate, or benefit from the cash advance, fees, or interest charged to the credit card account.

13. Despite Plaintiff's prompt notification to Wells Fargo that the credit card activity was fraudulent and the result of identity theft, the disputed charges were not removed and continued to accrue interest.

14. As a result of the ongoing accrual of interest and fees, the balance on the Wells Fargo credit card account increased to approximately $23,654.00.

15. Plaintiff reported the identity theft to law enforcement and filed identity-theft reports with appropriate authorities documenting that the credit card transactions were fraudulent and unauthorized.

16. On or about July 25, 2025, Plaintiff disputed the Wells Fargo credit card tradeline with Experian and TransUnion, submitting identity-theft documentation and supporting records.

17. On or about August 17, 2025, Plaintiff submitted an additional dispute to Experian and TransUnion, again providing detailed documentation demonstrating that all activity on the Wells Fargo credit card account beginning on October 7, 2024 was the result of identity theft.

18. Despite receiving Plaintiff's disputes and supporting documentation, Experian and TransUnion continued to report the Wells Fargo credit card account with the fraudulent balance and associated delinquency.

19. Upon information and belief, Experian and TransUnion forwarded Plaintiff's disputes to Wells Fargo for investigation.

20. Upon information and belief, Wells Fargo failed to conduct a reasonable investigation into the disputed credit card transactions and continued furnishing inaccurate information to Experian and TransUnion.

21. Plaintiff submitted additional disputes challenging the accuracy of the Wells Fargo credit card reporting; however, the inaccurate and fraudulent information continued to appear on Plaintiff's consumer reports.

22. Defendants Experian and TransUnion have published credit reports with the inaccurate information to Plaintiff's creditors causing her to suffer financial and emotional harm.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY WELLS FARGO

23. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

24. At all times pertinent hereto, Wells Fargo was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

25. Wells Fargo willfully and negligently supplied Experian and Transunion with information about Plaintiff that was false, misleading, and inaccurate.

26. Wells Fargo willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

27. Wells Fargo willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

28. Wells Fargo willfully and negligently failed to report the trade line as one in dispute.

29. Wells Fargo willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

30. Wells Fargo willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

31. Wells Fargo willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

32. Wells Fargo's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Wells Fargo was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant them a judgment against Wells Fargo for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

33. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

5

35. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

36. Experian negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. If Experian would have conducted a reasonable investigation, they would have immediately removed the accounts based on the client's statement and the confirmatory documents.

37. Experian negligently and willfully failed to address the fraudulent data in violation of 15 U.S.C. § 1681c-2. If Experian would have addressed the data in accordance with the FCRA, Defendants would have removed the fraudulent trade lines.

38. Despite receiving a request to investigate an error on his report, Experian negligently and willfully failed to conduct an investigation in violation of 15 U.S.C. § 1681i.

39. Subsequent to Plaintiff's dispute, Experian issued credit reports to third party creditors with the erroneous information.

40. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff wasted time and effort to get the error fixed, and also suffered a decreased credit score which impacted her ability to get credit.

41. Experian's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

   WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for statutory, actual, and punitive damages, along with attorney's fees and costs.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANSUNION

42. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

43. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

44. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

45. TransUnion negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i. If TransUnion would have conducted a reasonable investigation, they would have immediately removed the accounts based on the client's statement and the confirmatory documents.

46. TransUnion negligently and willfully failed to address the fraudulent data in violation of 15 U.S.C. § 1681c-2. If TransUnion would have addressed the data in accordance with the FCRA, Defendants would have removed the fraudulent trade lines.

47. Despite receiving a request to investigate an error on his report, TransUnion negligently and willfully failed to conduct an investigation in violation of 15 U.S.C. § 1681i.

48. Subsequent to Plaintiff's dispute, TransUnion issued credit reports to third party creditors with the erroneous information.

49. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff wasted time and effort to get the error fixed, and also suffered a decreased credit score which impacted her ability to get credit.

50. TransUnion's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

    WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for statutory, actual, and punitive damages, along with attorney's fees and costs.

JURY TRIAL DEMAND

51. Plaintiff demands a jury trial on all issues so triable.


Dated this February 3rd, 2026.


                                Respectfully submitted,

                                /s/ Daniel Zemel
                                Daniel Zemel, Esq.

                                ZEMEL LAW, LLC
                                660 Broadway
                                Paterson, New Jersey 07514
                                T: (862) 227-3106
                                F: (973) 282-8603
                                dz@zemellawllc.com
                                *Counsel for Plaintiff*